[Civ. No. 7386. First Appellate District, Division Two.—November 21, 1930.]

J. W. PELLOW, Respondent, v. GEORGE W. BOLLINGER, Appellant.

Calkins, Hagar, Hall & Linforth for Appellant.

Glickman & Glickman for Respondent.

STURTEVANT, J.—The trial court gave the plaintiff judgment for moneys alleged to be due on a written instrument. From that judgment the defendant has appealed and has brought up the judgment-roll. On the fifteenth day of October, 1924, the plaintiff deeded to the defendant lands near Stockton in exchange for lands at Columbus, Ohio, and as a part of the consideration for the exchange defendant gave to plaintiff twenty-five shares of stock in Lampron Bakery Company, a corporation, and at the same time the defendant executed and delivered a writing in words and figures as follows, to wit:

"Oakland, Cal., Oct. 15, 1924.

"Two years after date, I, the undersigned, do hereby agree to purchase from J. W. Pellow 25 shares of common stock of the Lampron Bakery Co. of Springfield, Mass., at the price of $50.00 per share.

"GEORGE W. BOLLINGER
"1245 Niagara St.
"Buffalo, N. Y.
"c/o R. H. CONNOR Co."

On April 17, 1928, the plaintiff commenced this action. During the trial in the lower court the defendant contended, and in his briefs in this court the defendant contends, that the instrument sued on was an option and that the plaintiff waived his rights by not demanding performance on the date of the expiration, that is, two years after October 15, 1924. (25 Cal. Jur. 526.) The plaintiff concedes that the contention of the defendant is sound if the instrument is merely an option, but in that behalf he contends that it is an extension of credit and not an option. In support of his position he cites and relies on *Maurer* v. *King*, 127 Cal. 114 [59 Pac. 290, 291]. In his reply brief the defendant claims that the Maurer case is not in point because the contract there involved was in the nature of a guaranty. Conceding that the contract there involved, among other things, was a contract of guaranty that fact was not the determining fact on which the decision was rested. That contract

had three separable features which we have numbered. As so numbered the contract read: "(1) I guarantee that it will be worth fifty cents or more per share inside of two years from this date, in cash—(2) and if he holds said stock at the end of two years from this date, and so requests, I will take it from him and pay him for it at fifty cents per share, (3) and I will pay all assessments on said stock that may be levied on it up to April 1, 1895, gratis—as witness my hand the day and date above written." Both contracts grew out of exchanges of property. In each case the corporate stock was transferred in lieu of cash. At page 117 of 127 Cal. [59 Pac. 290, 291], the court said: "Maurer had paid the consideration for the contract, but Smith had not fully performed. The stipulated two years was not a period within which Maurer was bound to do anything. It was an extension of credit to Smith. Within that time Smith could not be compelled to pay the $500 in lieu of the stock. No doubt Maurer was bound to exercise his option within a reasonable time after the expiration of the credit, and he certainly did do so." In the instant case the trial court made a finding that the plaintiff made his demand within a reasonable time. The evidence is not before us as the transcript contains merely the judgment-roll. Under these circumstances we are unable to say that the trial court committed any error.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 20, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 19, 1931.